UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 04-190 |
| SHERMAN JEFFERSON | * | SECTION L |

## ORDER AND REASONS

Pending before the Court is *pro se* Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and his motion for appointment of counsel.[1] Rec. Doc. 68. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. The Government opposes Defendant's position. Rec. Doc. 77. Having considered the parties' submissions and applicable law, the Court now issues this Order and Reasons.

**I.  RELEVANT PROCEDURAL HISTORY**

In November 2004, Jefferson pleaded guilty to a five-count superseding bill of information charging violations of the Controlled Substances Act and Gun Control Act, 18 U.S.C. §§ 922(g), 924(c) and 841. *See* Rec. Doc. 29. Specifically, Jefferson entered a guilty plea as to being a felon in possession of a firearm – a Smith & Wesson 9mm (Count 1); being a felon in possession of a firearm – Bryco 9mm (Count 2); possession of a firearm in furtherance of a drug trafficking crime (Count 3); distribution of a quantity of cocaine base (Count 4); and being a felon in possession of

---

[1] On March 23, 2018, Defendant informed the Government that his reply memorandum—which he sent to the Government on September 25, 2017—was not received and filed by the Clerk of the Court. On April 5, 2018, the Government delivered to the Court Mr. Jefferson's response brief and a letter explaining its initial omission. The Court has now received and reviewed Defendant's reply memorandum regarding his instant motion to vacate.

1

a firearm – Yugoslavian SKS (Count 5). Jefferson pleaded guilty to a stipulated term of no more than 20 years' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Rec. Doc. 30 at 2-3. Nonetheless, at Jefferson's March 2006 sentencing, the Court rejected the agreed-upon sentence but accepted the guilty plea in all other aspects. See Rec. Doc. 57. Jefferson decided to proceed with sentencing. *See* Rec. Doc. 57. The Court sentenced Jefferson to a term of 248 months' imprisonment. *See* Rec. Doc. 58 at 2. Jefferson did not file a direct appeal.

In May 2016, less than one year after the United States Supreme Court's decision in *Johnson*, Jefferson filed the instant § 2255 motion. *See* Rec. Doc. 68 at 2. Jefferson's motion appears timely. *See* 28 U.S.C. § 2255(f)(3); *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (stating that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review"). In his motion, Jefferson argues that 18 U.S.C. §§ 922(g) and 924(c) are unconstitutionally vague after *Johnson*. *See* Rec. Doc. 68 at 1. Moreover, Jefferson argues that "it was not reasonable for [him] to have foreseen, at the time the [plea] agreement was made, that the Supreme Court would later rule applicable definitions of the crime [he] pleaded guilty to unconstitutional." Rec. Doc. 78. He further requests assistance of counsel for the instant proceeding.

In response, the Government argues (1) Defendant waived his right to contest his conviction and sentence in this type of post-conviction proceeding; (2) Defendant's claims are procedurally barred; and (3) even if Defendant's claims were not waived or procedurally barred, Defendant's *Johnson* claims fails on the merits. *See* Rec. Doc. 77.

The instant opinion addresses Defendant's motion and the parties' arguments.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Defendant's Claims Are Waived.

The Government argues the Defendant's § 2255 motion should be dismissed because he waived his right to collaterally challenge his conviction and sentence. A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, like a waiver by a defendant of his right to appeal, is generally enforceable if the waiver is both knowing and voluntary. *See United States v. Wilkes*, 20 F.3d 651,

653 (5th Cir. 1994); *see also United States v. Potter*, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015).

Here, pursuant to the written terms of his plea agreement, Defendant waived and gave up his right to "contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255." Rec. Doc. 30 at 3. At Jefferson's rearraignment hearing, the Court explained to him his rights and ensured that he understood the offenses to which he was pleading guilty, the maximum sentence he faced, and the trial and appeal rights he was surrendering by pleading guilty. Defendant repeatedly affirmed his understanding of the consequences of his plea agreement. A defendant's statements on the record in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Moses*, No. CR 10-271, 2017 WL 6451748, at *4 (E.D. La. Dec. 18, 2017). Defendant has provided no evidence or argument that he did not understand the implications of his plea agreement, or that his plea was not "knowing and voluntary." *See Wilkes*, 20 F.3d at 653. He only argues that he "could hardly make a knowling [*sic*] and intelligent waiver of rights that were not in existence at the time of the agreement," referring to the Supreme Court's 2015 holding in *Johnson.* Rec. Doc. 78. Nevertheless, "[a] defendant knowingly and voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *Potter*, 2015 WL 3486446, at *1 (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002)) (internal quotation marks omitted). Accordingly, the Court finds Defendant's waiver in the plea agreement forecloses the instant § 2255 motion.

### B. Defendant's Claims Are Procedurally Barred.

Even if Defendant had not waived his collateral challenge rights in his plea agreement, Defendant's § 2255 claim is procedurally barred. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). "A defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from that error.'" *Id.* (alterations in original) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Further, "[i]f the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice." *Id.* (quoting *Shaid*, 937 F.2d at 232 n.7).

In this case, Defendant did not file a direct appeal to his conviction or sentence. Therefore, unless Defendant can establish good cause for the procedural default and actual prejudice resulting from any error, his motion under § 2255 is procedurally barred. *Shaid*, 937 F.2d at 232. Nonetheless, Jefferson is unable to demonstrate cause for the procedural default. "A defendant can establish 'cause' by showing that an objective impediment that is external to his defense prevent him from raising a claim on direct appeal." *Id.* Defendant has not alleged any reason external to his defense, such as governmental interference, that prevented him from pursuing his direct appeal. *See McCleskey v. Zant*, 499 U.S. 467 (1991). Accordingly, he has not demonstrated cause for his procedural default.

Nor can Defendant show actual prejudice resulting from any error. As discussed below, Defendant's *Johnson* claim is foreclosed by Fifth Circuit precedent. As a result, Defendant suffered no prejudice in his sentencing, and his § 2255 motion is procedurally barred.

### C. Defendant's *Johnson* Claim

Jefferson argues that 18 U.S.C. §§ 922(g) and 924(c) are unconstitutionally vague after *Johnson*. *See* Rec. Doc. 68 at 1. In *Johnson*, the Supreme Court held the residual clause in the Armed Career Criminal Act violated the Fifth Amendment's guarantee of due process by "fail[ing] to give ordinary people fair notice of the conduct it punishes." 135 S. Ct. at 2556. The ACCA provided for a heightened sentence for violators who had three or more earlier convictions for a "violent felony," defined as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555-56.

Nonetheless, governing Fifth Circuit precedent states that *Johnson* does not reach § 924(c). In *United States v. Garcia*, the Fifth Circuit held that the definition of "crime of violence" in § 924(c)(3)(B) is not unconstitutionally vague, relying on an earlier Fifth Circuit decision interpreting nearly identical language in 18 U.S.C. § 16(b). 857 F.3d 708, 711 (5th Cir. 2017) (discussing *United States v. Gonzalez-Longoria*, 831 F.3d 670, 674-77 (5th Cir. 2016)) (en banc). Nor does *Johnson* extend to § 922(g)(1), which does not contain a residual clause. The only provision to which *Johnson* applies, the residual clause in the ACCA, 18 U.S.C. § 924(e), is not present in Jefferson's case. Thus, Jefferson's claims are substantively meritless and is therefore denied.

### D. Certificate of Appealability

In denying a Defendant's § 2255 motion, the Court must also address whether a certificate of appealability should be issued. Rule 11(a) of the Rules Governing Section 2254 Proceedings

6

provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated in this Order and Reasons denying relief, the Court concludes that Jefferson's petition fails to satisfy this standard for appeal.

### E. Request for Appointment of Counsel

Finally, Jefferson requests that the Court appoint counsel to assist him with his instant motion. It is settled law that prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). For the reasons stated above, Jefferson's motion to vacate lacks a legal basis—procedurally and substantively—and thus does not warrant appointment of counsel. *See United States v. West*, No. CR 09-391, 2017 WL 6325768, at *1 (E.D. La. Dec. 11, 2017).

## IV. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Defendant's motion to vacate (Rec. Doc. 68) is hereby **DENIED**.

New Orleans, Louisiana, this 24th day of April, 2018.

                                                                                    **ELDON E. FALLON**
                                                                                     United States District Judge

Clerk to mail copy to:

    Mr. Sherman Jefferson
    United States Penitentiary – High
    Attn: CSD – Mail Room
    P.O. Box 7500
    Florence, CO 81226